UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELIGHT, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>DMITRY SHKIPIN, et al.,<br><br>   Defendants. | Case No. 22-cv-03119-TLT<br><br>**ORDER DENYING MOTIONS TO DISMISS**<br><br>Re: ECF 15, 18 |

Plaintiff Homelight, Inc. brings this action against defendant HomeOpenly, Inc. and its proprietor, Dmitry Shkipin, pursuant to federal law for trademark infringement and false advertising arising from content appearing on defendants' website. Defendant Dmitry Shkipin, appearing *pro se*, now moves this Court to dismiss a single party, HomeOpenly, Inc., from plaintiff's complaint (ECF 18) and to dismiss the complaint in its entirety (ECF 15).

In its discretion, the Court concludes that defendant's motions may be determined without oral argument. Civ. L.R. 7-1(b). Having carefully considered the pleadings, the parties' briefs, the relevant legal authority, and for the reasons set forth below, the Court hereby **DENIES** defendant's motion to dismiss a single party (ECF 18) and motion to dismiss (ECF 15).

**I.   BACKGROUND**

In the complaint, plaintiff alleges as follows. *See* Compl., ECF 1.

Plaintiff HomeLight and defendants HomeOpenly, Inc. and Dmitry Shkipin ("Shkipin") operate online platforms that match real estate agents with residential homebuyers or sellers. *Id.* ¶ 7. Plaintiff brings a trademark infringement claim and a false advertising claim under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), respectively. Plaintiff alleges that defendants' reviews and articles make false and misleading claims about plaintiff. *Id.* ¶¶ 7-14. Specifically, defendants' reviews

1   accuse plaintiff of engaging in illegal price fixing, violating other state and federal laws,

2   defrauding or misleading the public, or otherwise harming consumers. *Id.* ¶¶ 1, 7-14, 16. In

3   addition, defendant HomeOpenly allegedly misuses plaintiff HomeLight's registered logo in a

4   way that is likely to confuse consumers, and HomeOpenly Inc.'s logo is confusingly similar to

5   HomeLight's logo. *Id.* ¶¶ 1, 20, 47, 55-56.

6   Shkipin argues the complaint should be dismissed because (1) plaintiff fails to state a claim

7   upon which relief can be granted, (2) plaintiff lacks statutory standing for trademark infringement

8   and false advertising, and (3) plaintiff failed to join necessary parties. Mot. to Dismiss, (ECF 15).

9   Shkipin's motion to dismiss a single party contends that defendant HomeOpenly, Inc. should be

10  dismissed under Federal Rule of Civil Procedure 21. (ECF 18).

## II.  DISCUSSION

### A.  Requests For Judicial Notice

#### 1.  Legal Standard

In general, a court may not consider facts outside the complaint when deciding a motion to dismiss without converting it into a summary-judgment motion. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). There are, however, two exceptions to this general rule: (1) requests for judicial notice and (2) the incorporation-by-reference doctrine. *Id.* A court is required to take judicial notice of facts "if a party requests it and the court is supplied with the necessary information" that shows the facts are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute if they are "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* The incorporation-by-reference doctrine allows courts to consider materials outside the complaint when those materials are extensively referred to in the complaint or when the document is integral to a plaintiff's claims. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

#### 2.  Discussion

Shkipin attached several exhibits to his motion to dismiss. *See* Def.['s] RJN, ECF 15-7,

Exs. A-F. These exhibits include pages from plaintiff's website, pages from another real estate agent's website, and plaintiff's referral agreement. Shkipin argues that these exhibits are evidence of plaintiff's allegedly fraudulent statements and antitrust violations and that the Court may consider them because they are appropriate for judicial notice.

Under Federal Rule of Evidence 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Documents that appear on publicly available websites may be proper subjects for judicial notice, even at the motion to dismiss stage. *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021). "However, to the extent any facts in [these documents] are subject to reasonable dispute, the Court will not take judicial notice of those facts." *Id.* at 1060.

Not only do the exhibits contain facts that are subject to reasonable dispute, but they also do not support Shkipin's claims that plaintiff lacks statutory standing for trademark infringement and false advertising, so they have no bearing on the motion to dismiss. Therefore, the Court denies Shkipin's requests for judicial notice.

### B. Motion to Dismiss

#### 1. Legal Standard

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Under *Twombly*, a plaintiff must not merely allege conceivable conduct but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

1    reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
2    556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to
3    state a claim, a court should grant leave to amend unless amendment would be futile. *See*, *e.g.*,
4    *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N.*
5    *Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

### 2.    Trademark Infringement

Plaintiff pleads two forms of trademark infringement. First, plaintiff alleges that defendants infringed its trademark by adopting a confusingly similar logo. Compl., ECF 1, ¶¶ 1, 47, 55-57). Second, plaintiff alleges that defendants infringed its trademark by using plaintiff's actual logo in their reviews. *Id.* ¶¶ 20, 48.

The complaint sufficiently alleges a claim that defendants infringed on its trademark by adopting a confusingly similar logo. Compl., ECF 1, ¶¶ 51-64. Shkipin asserts that HomeOpenly's logo "could not possibly bear any resemblance to HomeLight Logo in any sensible way." Mot. to Dismiss, ECF 15, ¶ 21. While the Court construes *pro se* filings liberally (*see Hebbe v. Pliler*, 627 F.3d 338, 341-342 (9th Cir. 2010)), it finds defendant's argument unpersuasive.

On the second alleged infringement, Shkipin argues that the use of plaintiff's logo constitutes nominative fair use. Mot. to Dismiss, ECF 15, ¶ 19. The nominative fair use doctrine applies where the defendant uses the plaintiff's trademark to refer to the plaintiff's own goods or services, typically "for 'the purposes of comparison, criticism [or] point of reference.'" *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 809 (9th Cir. 2003) (quoting *New Kids on the Block v. News Am. Publ'g Inc.*, 971 F.2d 302, 306 (9th Cir. 1992)). In this case, however, plaintiff alleges that defendants are using plaintiff's trademark to refer to *defendants'* goods or services. Compl., ECF 1, ¶ 55. Therefore, the traditional fair use doctrine is the proper analysis rendering the nominative fair use doctrine inapplicable. *See New Kids on the Block*, 971 F.2d at 308 ("If the defendant's use of the plaintiff's trademark refers to something other than the plaintiff's product, the traditional fair use inquiry will continue to govern."). As such, plaintiff has stated a plausible claim for trademark infringement.

### 3. False Advertising

Shkipin next argues that plaintiff does not have statutory standing to bring its false advertising claim under the Lanham Act. However, plaintiff has adequately alleged an injury to a commercial interest in reputation and sales "flowing directly from the deception wrought by the defendant's advertising." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014). Specifically, plaintiff has offered sufficient facts to suggest that defendants' reviews have caused thousands of dollars in lost business, as well as reputational damage. At the motion to dismiss stage, the Court must take the allegations in the complaint as true. Thus, the Court may not consider Shkipin's arguments that the reviews do not contain false statements. *See Hebbe*, 627 F.3d at 340. Accordingly, plaintiff has statutory standing and has stated a plausible claim for false advertising.

### 4. First Amendment Protection

Shkipin further argues that his reviews are not commercial speech, so they are subject to heightened First Amendment protection. The Lanham Act prohibits any person from misrepresenting another person's goods or services in "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). In *Ariix, LLC v. NutriSearch Corp.*, the Ninth Circuit held that "independent" product reviews may be commercial speech where the reviews are "essentially a sham marketing ploy." 985 F.3d 1107, 1115 (9th Cir. 2021). In distinguishing commercial and non-commercial speech, the Ninth Circuit looked to the three *Bolger* factors: whether (1) "the speech is an advertisement," (2) it "refers to a particular product," and (3) "the speaker has economic motivation." *Id.* at 1115–6 (quoting *Hunt v. City of L.A.*, 638 F.3d 703, 715 (9th Cir. 2011) (citing *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66–67 (1983))).

Here, as in *Ariix*, the analysis turns primarily on the third factor, which "asks whether the speaker acted *primarily* out of economic motivation, not simply whether the speaker had *any* economic motivation." *Ariix, LLC,* 985 F.3d at 1116 (emphasis in original). Allegations that a review is "simply biased or inaccurate" may not be sufficient to render those reviews commercial speech. *Id.* at 1119. Likewise, "[a] mere failure to disclose bias or financial interest would not necessarily make speech commercial." *Id.*

5

The allegations in the complaint are like those made in *Ariix*—plaintiff alleges that defendants use the reviews to disparage competitors, pushing business towards HomeOpenly, Inc. *See Id.* at 1118–9. Shkipin suggests he has no commercial motive because HomeOpenly, Inc. is a free website, however, defendant acknowledges that HomeOpenly, Inc. makes money through ad revenue, and so it indirectly benefits when consumers use its site. *See* Def.['s] Reply to Pl.['s] Opp'n, ECF 23 at 5. While defendants allow consumers to post their own reviews, plaintiff argues that this is a "veiled attempt" to give the "HomeOpenly website the appearance of a consumer forum." Compl., ECF 1, ¶ 12. According to plaintiff, defendants exercise control over consumer reviews to cast further dispersions on plaintiff. (For instance, the defendants allegedly include disclaimers below positive reviews warning that plaintiff has solicited the reviews in exchange for a cash gift card.) Taking the allegations in the complaint as true, plaintiff has plausibly alleged that the reviews are commercial speech.

### 5. Failure to Join Required Parties

Shkipin also moves to dismiss on the basis that there are "+/- 28,000 'partner agents'" ("Partner Agents") he claims are required parties. Mot. to Dismiss, ECF 15, ¶ 17. To determine whether dismissal is appropriate for failure to join a required party, the Court engages in "three successive inquiries." *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, the Court must determine whether the absent party is a "required" party. *Id.* Second, the Court must determine if joinder is feasible. *Id.* Third, if joinder is not feasible, the Court must consider whether the case can continue without that party or whether dismissal is appropriate. *Id.*

Here, Shkipin argues that the Partner Agents are required parties because proceeding without them will subject the Partner Agents "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations...." Mot. to Dismiss, ECF 15, ¶ 70. However, Shkipin does not identify those possible inconsistent, multiple, or double obligations.

In addition, Shkipin does not suggest that the Partner Agents have claimed an interest in this litigation and focuses his argument on Federal Rule of Civil Procedure 19(a)(1)(A), which requires joinder if complete relief is not available without their presence. "The term 'complete relief' in Rule 19(a) refers to relief between the named parties, not as between a named party and

6

1   an absent person sought to be joined." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 904 (C.D.
2   Cal. 2011). "This factor is concerned with consummate rather than partial or hollow relief as to
3   those already parties." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th
4   Cir. 1983). The Court concludes that Shkipin has not met his burden to show the Partner Agents
5   are required. Therefore, the Court does not reach the subsequent inquiries.

### C. Motion to Dismiss a Single Party

Finally, Shkipin moves to dismiss defendant HomeOpenly, Inc. under Federal Rules of Civil Procedure 21 arguing that it is a "fully dissolved California corporation… [and is] an unnecessary and unrelated responding party in the Plaintiff's Complaint." ECF 18, ¶ 13. However, the complaint sufficiently pleads HomeOpenly, Inc.'s alleged misconduct, which began before its dissolution. *See, e.g.,* Compl., ¶¶ 38-39. As Shkipin acknowledges, "[a] corporation which is dissolved nevertheless continues to exist for the purpose of . . . prosecuting and defending actions by or against it . . .." CAL. CORP. CODE § 2010(a). And "[a] corporation may appear in the federal courts *only* through licensed counsel." *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02 (1993) (emphasis added); *see also* Civ. L. R. 3-9(b) (A "corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Shkipin is not a licensed attorney, so he cannot move to dismiss on behalf of HomeOpenly, Inc. Therefore, Shkipin's motion to dismiss a single party is denied.

### III. CONCLUSION

For the reasons stated above, Shkipin's motion to dismiss and motion to dismiss a single party are **DENIED**. The Court **VACATES** the December 13, 2022, hearings for these motions *only*. This Order disposes of ECF 15 and ECF 18.

**IT IS SO ORDERED.**

Dated: October 27, 2022

TRINA L. THOMPSON
United States District Judge